UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

LARRY FARLEY,

    Plaintiff,

    v.    CAUSE NO. 3:22-CV-1010-DRL-JPK

WESTVILLE CORRECTIONAL
FACILITY *et al.*,

    Defendants.

OPINION AND ORDER

Larry Farley, a prisoner without a lawyer, filed a motion for a preliminary injunction. ECF 23. Previously, he filed a complaint about an attack that occurred at Westville Correctional Facility on August 29, 2022, which left him with a broken jaw. *See* ECF 16-1. That complaint has not been screened yet as required by 28 U.S.C. §1915A because the initial filing fee has not yet been paid. Nevertheless, the court will address Mr. Farley's preliminary injunction motion.

In the motion, Mr. Farley states that he was assaulted multiple times by the same offender, and he complains that neither Warden John Galipeau nor the staff under his supervision stepped in to stop the continued assaults. ECF 23 at 1. As a result, he suffered a severe jaw injury that still plagues him. He says, without elaboration, that he "still continues to have every day . . . threats of violence and harassment." *Id.* He says he needs a preliminary injunction because "the Defendants continue to harass, threaten, and refuse to properly care and provide a reasonabl[y] safe place of confinement [for him]." ECF 23

at 2. He asks that this court order Warden Galipeau and his staff to either transfer him away from the threats and harassment or transfer him to a Level 1 facility. ECF 23 at 2.

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

On the first prong, "the applicant need not show that [he] definitely will win the case." *Illinois Republican Party v. Pritzker*, 973 F.3d 760, 763 (7th Cir. 2020). However, "a mere possibility of success is not enough." *Id.* at 762. "A strong showing . . . normally includes a demonstration of how the applicant proposes to prove the key elements of its case." *Id*. at 763 (quotation marks omitted). In assessing the merits, the court does not simply "accept [the plaintiff's] allegations as true, nor do[es] [it] give him the benefit of all reasonable inferences in his favor, as would be the case in evaluating a motion to dismiss on the pleadings." *Doe v. Univ. of S. Indiana*, 43 F.4th 784, 791 (7th Cir. 2022). Instead, the court must assess the merits as "they are likely to be decided after more complete discovery and litigation." *Id.*

On the second prong, "[i]ssuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with . . . injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to

2

such relief." *Winter*, 555 U.S. at 22. "Mandatory preliminary injunctions" requiring the defendant to take affirmative acts are viewed with particular caution and are "sparingly issued[.]" *Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020) (quotation marks omitted).

Here, the preliminary injunction motion does not establish that Mr. Farley could be entitled to relief. The alleged assault that broke his jaw occurred in August 2022, more than seven months before he filed this motion. A preliminary injunction concerns the present state of affairs and seeks to prevent irreparable harm while the case is being decided. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983) ("The equitable remedy is unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again—a likelihood of substantial and immediate irreparable injury." (quotation marks omitted)). The motion does not detail what threats Mr. Farley is currently facing or explain what medical care he is not receiving. Simply saying he is being harassed without explaining who is harassing him and how prison staff are failing to keep him safe is not enough to allow the motion to proceed. Without an indication of the current harm Mr. Farley faces, there is no basis to issue a preliminary injunction.

Additionally, there are pending motions that need to be addressed. Mr. Farley was granted until February 28, 2023 to file an amended complaint that was signed and that contained in one document everything he wished the court to consider. ECF 12. On February 20, 2023, he filed a motion for leave to file an amended complaint and attached a detailed proposed amended complaint that was not on the court's approved form. ECF 16. Later, the court received a motion for an extension of time to file an amended

3

complaint in which Mr. Farley explained that he needed more time to obtain the proper form from the prison law library. ECF 18. Then, the court received another proposed amended complaint that was on the proper form but did not contain details of the allegations, instead referring to the previously filed proposed amended complaint. ECF 19. An amended complaint must be complete in itself and may not incorporate a prior pleading by reference. N.D. Ind. L.R. 15-1. Here, the court will allow Mr. Farley to file the first amended complaint (ECF 16), even though it is not on the proper form, because it contains all the information the court needs to screen the case. The proposed amended complaint that is on the proper form (ECF 19) will be stricken because it is not a complete complaint. Mr. Farley will be given time to file a second amended complaint if he is unsatisfied with the now-operative complaint. To do so, he must write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. After he properly completes that form addressing the issues raised in this order, he needs to send it to the court.

Finally, Mr. Farley sent in a remittance slip to pay the initial partial filing fee and asked the court to send it to the prison for him. ECF 22. He says his own attempts to have the fee remitted have been unsuccessful. The court will not submit a remittance slip on Mr. Farley's behalf. Any complaints Mr. Farley has about how the prison administers the payment of the initial partial filing fee or the required installment payments must be accompanied by a recent copy of his inmate trust fund ledgers, showing the transactions on his account since March 7, 2023, when the court granted him leave to proceed *in forma*

*pauperis*. Until the initial partial filing fee payment is resolved, the complaint cannot proceed to screening.

For these reasons, the court:

(1) DENIES the motion for a preliminary injunction (ECF 23);

(2) GRANTS the motion for leave to file an amended complaint (ECF 16) and DIRECTS the clerk to separately docket the proposed amended complaint and attachments (ECF 16-1, ECF 16-2);

(3) STRIKES the second proposed amended complaint (ECF 19);

(4) GRANTS the motion for an extension of time to file an amended complaint (ECF 18) to the extent that Mr. Farley may file another amended complaint by **May 10, 2023**, if the now-operative complaint (ECF 16-1) lacks information he wishes the court to consider; and

(5) DENIES any relief requested in the letter (ECF 22) regarding the initial partial filing fee.

SO ORDERED.

April 18, 2023 *s/ Damon R. Leichty*
Judge, United States District Court