UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

LARRY FARLEY,

    Plaintiff,

    v.      CAUSE NO. 3:22-CV-1010-DRL-JPK

BRADFORD *et al.*,

    Defendants.

OPINION AND ORDER

Larry Farley, a prisoner without a lawyer, filed a complaint raising two claims alleging he was denied medical treatment at the Westville Correctional Facility. ECF 25. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

Mr. Farley's complaint details a series of events in which he was being targeted by another inmate at Westville Correctional Facility, and those continued assaults culminated in an attack on August 29, 2022 that broke his jaw. His jaw required surgery to repair, and he alleges he still has severe headaches, dizziness, and vomiting and has trouble eating and talking, five months post-attack. Mr. Farley identifies two claims he wishes to bring: (1) a denial of medical care under the Eighth Amendment and (2) a state

law claim of outrageous conduct related to his medical treatment. ECF 25 at 11-12. As he is the master of his complaint, the court will limit discussion to these claims. *See Katz v. Gerardi*, 552 F.3d 558, 563 (7th Cir. 2009) ("[T]he plaintiff as master of the complaint may present (or abjure) any claim he likes.").

Regarding the first claim, Mr. Farley alleges that all the defendants subjected him to cruel and unusual punishment "by refusing to provide proper medical care for serious injuries when the defendants had a duty to properly address the plaintiff's medical issues that were serious and life threatening, which resulted in the plaintiff to be air lifted, life lined for emergency surgery." ECF 25 at 11. The complaint explains that after the August 29, 2022 attack, he was bleeding and choking on the blood running down his throat. *Id.* at 4. He says he spoke to Sergeant Flake, and she told him to lay on his bunk and someone would come see him the next day. Two other unknown staff members also told him just to lay down. But it turns out he didn't have to wait until the next day; after count, an unknown correctional officer came to his bunk to take him to be treated. Mr. Farley was taken to the hospital, where it was confirmed that his jaw was broken. He had to be life-lined to another hospital due to breathing difficulties that developed. He received surgery and spent four days there.

Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if

2

it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). "Deliberate indifference can include the intentional delay in access to medical care. A delay in treating non-life-threatening but painful conditions may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain. *Arnett v. Webster*, 658 F.3d 742, 753 (7th Cir. 2011) (citation omitted).

Here, Mr. Farley has not plausibly alleged the brief delay in obtaining medical care after the injury was due to any defendant's deliberate indifference. Mr. Farley undoubtedly had a serious injury. But none of the allegations in the complaint would give either Sergeant Flakes or the John Doe officer notice that he needed more emergent medical attention than he received. *See Walker v. Leibert*, F. Appx. 920, 921-22 (7th Cir. 2021) (not providing immediate treatment for breathing problem was not deliberate indifference when "nothing in his complaint suggests that [plaintiff] was in the kind of distress that required immediate action" and plaintiff was successfully treated after short delay). Mr. Farley was bleeding, but he also was conscious and talking. These allegations do not establish deliberate indifference for either Sergeant Flakes or the John Doe officer.

Mr. Farley sues Director of Nursing Nicole Bridegroom and Dr. James Jackson, citing vague complaints about his current medical care. ECF 25 at 5-6. He alleges he has sent them numerous medical requests, but neither has seen him, and medical has been very slow at trying to help him. To the extent these allegations are related to the jaw injury, they do not state a claim. Under the Eighth Amendment, inmates are also entitled to adequate medical care for serious medical conditions. *Thomas v. Blackard*, 2 F.4th 716, 722 (7th Cir. 2021). They are "not entitled to demand specific care," *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019), nor are they entitled to "the best care possible," *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997); *see also Johnson v. Doughty*, 433 F.3d 1001, 1013 (7th Cir. 2006) ("The Eighth Amendment does not require that prisoners receive unqualified access to health care."). The Eighth Amendment does not require that Mr. Farley have access to a specific provider. Rather, he is entitled to "reasonable measures to meet a substantial risk of serious harm." *Forbes*, 112 F.3d at 267. And here, Mr. Farley's complaints of slow treatment do not plausibly allege an Eighth Amendment violation.

None of the other defendants had any personal involvement in Mr. Farley's medical care after the attack. *See Taylor v. Ways*, 999 F.3d 478, 493-94 (7th Cir. 2021) (noting personal involvement in a constitutional violation is required to hold a government official personally liable under 42 U.S.C. §1983). There is no indication that Warden John Galipeau was aware that Mr. Farley was injured and in need of care, and he cannot be held liable for the actions of his subordinates simply because he oversees the prison. *See*

4

*Burks v. Raemisch*, 555 F.3d 592, 594-96 (7th Cir. 2009) ("[P]ublic employees are responsible for their own misdeeds but not for anyone else's.").

Mr. Farley alleges before he was attacked that he discussed being threatened with Lieutenant Bradford and RWI Counselor Nathaniel Ward. ECF 25 at 3-4. But this has no bearing on Mr. Farley's subsequent medical care. The court could construe the complaint as including a failure-to-protect claim against them, but that would be futile because the complaint does not provide sufficient detail about what he told them to state a claim plausibly. *See Santiago v. Wells*, 599 F.3d 749, 756 (7th Cir. 2010) (failure-to-protect claim requires that a defendant "had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it"). Mr. Farley also alleges that Officer Walker called him a "check in" after he returned to B-Dorm following his hospital stay, but this, too, has no bearing on the medical care he received after the attack. *Id.* at 5.

Finally, Mr. Farley sues his alleged attacker, Roy Johnson. ECF 25 at 3. But Mr. Johnson is a private citizen, acting on his own behalf, and cannot be sued under 42 U.S.C. § 1983. *See London v. RBS Citizens, N.A.*, 600 F.3d 742, 746 (7th Cir. 2010) (private persons "may not be sued [under section 1983] for merely private conduct, no matter how discriminatory or wrongful.") (quotation omitted).

The complaint does not state a § 1983 claim against any defendant for a denial of constitutionally adequate medical care under the Eighth Amendment. Nor does the complaint allege a state law claim concerning his medical care against any defendant. State law claims against prison employees fall under the provisions of the Indiana Tort

5

Claims Act. *See* Ind Code § 34-13-3 *et seq.* Unless an exception exists, the ITCA prohibits tort suits against government employees personally for conduct within the scope of their employment. *See* Ind. Code § 34-13-3-5(b); *see also Ball v. City of Indianapolis*, 760 F.3d 636, 645 (7th Cir. 2014) ("Under the Indiana Tort Claims Act, there is no remedy against the individual employee so long as he was acting within the scope of his employment."). No exception is apparent here, so the prison employee defendants are immune from any state law claims. As to Mr. Johnson, the alleged attacker, he is not a government employee. But nothing in the complaint connects him to the medical care Mr. Farley received, so there is no basis to hold him liable for any deficient care Mr. Farley may have received.

This complaint does not state a claim for which relief can be granted. If Mr. Farley believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form, which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form. He does not need to plead legal theories. Rather, he need only write a short and plain statement telling what each defendant did wrong. He needs to explain when, where, why, and how each defendant violated his rights. He needs to include every fact necessary to explain his case

6

and describe his injuries or damages. He needs to use each defendant's name every time he refers to that defendant.

For these reasons, the court:

(1) GRANTS Larry Farley until **August 10, 2023**, to file an amended complaint; and

(2) CAUTIONS Larry Farley if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

July 7, 2023  *s/ Damon R. Leichty*
Judge, United States District Court