UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

LARRY FARLEY,

    Plaintiff,

    v.                                      CAUSE NO. 3:22-CV-1010-DRL-JPK

CORLEY,

    Defendant.

OPINION AND ORDER

Larry Farley, a prisoner without a lawyer, filed an amended complaint after the court determined that his earlier complaint did not state a claim for relief. ECF 30. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

In the court's previous screening order, the court recounted how Mr. Farley alleged he was being targeted by another inmate at Westville Correctional Facility, which culminated in an attack on August 29, 2022, that broke his jaw—a serious injury that required surgery and a four-day hospital stay. ECF 29 at 2. He brought a claim for a denial of medical care under the Eighth Amendment and a state law claim of outrageous conduct related to his medical treatment. *Id.* at 2-3. But the prior complaint did not

plausibly allege that any of the named defendants were deliberately indifferent to his medical need because it was not clear from the complaint that the correctional officers were aware that his medical needs were an emergency, and his claim against the medical staff was undeveloped. *Id.* at 2-3. Nor did the complaint have enough detail for the court to construe it as including a failure-to-protect claim. *Id.* at 3. Mr. Farley has now filed an amended complaint, seeking to raise a failure-to-protect claim and a medical claim against various defendants. ECF 30.

As to the failure to protect claim, The Eighth Amendment imposes a duty on prison officials "to take reasonable measures to guarantee the safety of inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). "[P]rison officials have a duty to protect prisoners from violence at the hands of other prisoners." *Id*. at 833. When an inmate is attacked by another inmate, the Eighth Amendment is violated only if "deliberate indifference by prison officials effectively condones the attack by allowing it to happen." *Haley v. Gross*, 86 F.3d 630, 640 (7th Cir. 1996). The defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "[A] complaint that identifies a specific, credible, and imminent risk of serious harm and identifies the prospective assailant typically will support an inference that the official to whom the complaint was communicated had actual knowledge of the risk." *Gevas v. McLaughlin*, 798 F.3d 475, 481 (7th Cir. 2015). General requests for help, expressions of fear, and even prior attacks are insufficient to alert guards to the need for action. *Klebanowski v. Sheahan*, 540 F.3d 633, 639–40 (7th Cir. 2008). But prison officials who had actual knowledge of a

2

substantial risk to a prisoner's health or safety may avoid liability if they responded reasonably even if the harm was not ultimately diverted. *Farmer*, 511 U.S at 844; *see also Borello v. Allison*, 446 F.3d 742, 747 (7th Cir. 2006).

Here, Mr. Farley alleges that he spoke to Lt. Robert Bradford, RWI Counselor Nathaniel Ward, RWI Director Nicholas Pazera, and Warden John Galipeau about the danger Roy Johnson and his associates posed to him before the August 29, 2022 attack. ECF 30-1 at 4-6, 13. However, the complaint reveals that after he spoke to them, Mr. Farley was moved away from Roy Johnson on August 26, 2022. ECF 30-1 at 5. Unfortunately, on August 29, Roy Johnson and people associated with him were also moved to that same dorm, and Mr. Farley was attacked later that day. It was that second move that is the cause of Mr. Farley's injury. He does not give any indication about which defendant would have been involved in the decision to move Roy Johnson to the same dorm he had been moved to. He may not proceed on a failure-to-protect claim based on the allegations in the amended complaint.

Turning to the events after the attack, Mr. Farley alleges that after he was attacked with the padlock on August 29, 2022, he approached C.O. Corley in the day room. ECF 30-1 at 7. He alleges he was holding a towel over his face to catch the blood, and he was covered with blood from head to toe. He had to hold his head down because he could not swallow and was choking on his own blood. He could not talk, so another inmate told C.O. Corley what had happened. After consulting with the sergeant on duty, C.O. Corley told Mr. Farley to fill out a medical request, and he would probably be seen tomorrow. Over the next three hours, Mr. Farley's condition worsened, and another inmate alerted

the nurse in the med line about it. At some point that day, he was taken to urgent care, transferred to an outside hospital, then lifelined to a hospital in Indianapolis.

Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). A prisoner is not required to show that he was "literally ignored" to establish deliberate indifference. *Berry v. Peterman*, 604 F.3d 435, 441 (7th Cir. 2010). "[I]nexplicable delay in responding to an inmate's serious medical condition can reflect deliberate indifference," particularly where "that delay exacerbates an inmate's medical condition or unnecessarily prolongs suffering." *Goodloe v. Sood*, 947 F.3d 1026, 1031 (7th Cir. 2020) (citations and quotations omitted).

Giving Mr. Farley the inferences to which he is entitled at this stage, he has alleged that he had a serious medical need when he broke his jaw. On the subjective prong, he

4

alleges that C.O. Corley ignored the obvious signs that he needed immediate medical attention, and the delay in being seen harmed him. He may proceed against C.O. Corley.

However, Mr. Farley's allegations concerning the care he received from Dr. James Jackson after his return from the hospital do not state a claim. ECF 30-1 at 8. Mr. Farley complains about a delay in receiving the pain medication the surgeon ordered, but it is unclear why this delay would be attributable to Dr. Jackson. Mr. Farley also alleges that Dr. Jackson discontinued his pain medication after only three days and made him take other medication. For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, he must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). It is not enough that a medical professional be mistaken in his or her judgment. *Hildreth v. Butler*, 960 F.3d 420, 425–26 (7th Cir. 2020). To prevail, an inmate must show that the treatment decision was "blatantly inappropriate." *Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014). Prisoners are "not entitled to demand specific care[, nor are they] entitled to the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). These allegations do not suggest more than a disagreement about the type of pain medication Mr. Farley needed to manage his pain.

Finally, Mr. Farley adds in additional allegations about other medical care that are unrelated to the care he received for his broken jaw. Specifically, he alleges that Dr. Jackson misdiagnosed him with COPD and high blood pressure, and as a result he

5

took unnecessary medication that made him sick and pass out a lot. This claim is unrelated to the injuries from the alleged attack, and because there is no claim against Dr. Jackson, this claim cannot be brought in this lawsuit. Claims in a lawsuit must be related either because the same defendant is involved in each claim <u>or</u> the claims all stem from the same transaction or occurrence and there is a common question of law or fact. Fed. R. Civ. P. 18(a), 20(a)(2). "[U]nrelated claims against different defendants belong in different suits," *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Therefore, the court declines to discuss Mr. Farley's claims concerning the alleged misdiagnoses or the other allegations he asserts against Centurion Health, Nicole Bridegroom, and Nurse P. Rogers about his alleged need in December 2023 for an MRI of his hand, back and neck. ECF 30-1 at 9, 14-15.

There is one more matter to be discussed. Mr. Farley submitted two additions to his amended complaint (one of which was unsigned in violation of Federal Rule of Civil Procedure 11(a)). ECF 31, 32. A complaint cannot be amended in such a piecemeal fashion. *See* N.D. Ind. L.R. 15-1 (an amended pleading must "reproduce the entire pleading as amended"). However, the additions do not add new allegations to the complaint; rather Mr. Farley seeks to correct typographical errors he noticed in his amended complaint. His attention to detail is to be commended, but these errors do not affect the analysis, so it is unnecessary to amend the complaint to correct them. For clarity of the record, the court will strike the filings.

For these reasons, the court:

(1) STRIKES ECF 31 and ECF 32;

(2) DISMISSES without prejudice the claims relating to the alleged COPD and high blood pressure misdiagnoses and the alleged need for an MRI;

(3) GRANTS Larry Farley leave to proceed against C.O. Corley in his individual capacity for compensatory and punitive damages for being deliberately indifferent to his need for immediate medical attention after he was attacked on or around August 29, 2022, in violation of the Eighth Amendment;

(4) DISMISSES all other claims;

(5) DISMISSES Bradford, Nathanial Ward, Nicholas Pazera, John Galipeau, Nicole Bridegroom, James Jackson, P Rogers, Centurion;

(6) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Corley at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 30);

(7) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(8) ORDERS, under 42 U.S.C. § 1997e(g)(2), Corley to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

November 16, 2023           *s/ Damon R. Leichty*
                         Judge, United States District Court