UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

LARRY FARLEY,

Plaintiff,

v.                                                   CAUSE NO. 3:22-CV-1010-DRL-JEM

RYAN CORY,

Defendant.

OPINION AND ORDER

Larry Farley, a prisoner without a lawyer, was granted leave to proceed against "C.O. Corley in his individual capacity for compensatory and punitive damages for being deliberately indifferent to his need for immediate medical attention after he was attacked on or around August 29, 2022, in violation of the Eighth Amendment[.]" ECF 35. However, after Sharese Corley responded to the complaint, Mr. Farley realized that he had named the wrong defendant and filed an amended complaint naming the proper defendant, Correctional Officer Ryan Cory. ECF 67.

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

The allegations in the amended complaint remain the same. Mr. Farley alleges that on August 29, 2022, he was assaulted by other inmates and severely injured. ECF 67 at 2. He was in pain, covered with blood, and unable to talk. He says he sought help in the day room, where Officer Cory was working. Officer Cory saw his injuries and learned what had happened, but did not summon immediate medical attention. Instead, he allegedly told Mr. Farley to lay on his bunk and fill out a medical request form. Mr. Farley did as he was told, but in the wait for medical attention ended up passing out. He was taken that day to a hospital in Indianapolis, where he had surgery for his injury and remained hospitalized for four days.

Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). A prisoner is not required to show that he was "literally ignored" to establish deliberate indifference. *Berry v. Peterman*, 604

F.3d 435, 441 (7th Cir. 2010). "[I]nexplicable delay in responding to an inmate's serious medical condition can reflect deliberate indifference," particularly where "that delay exacerbates an inmate's medical condition or unnecessarily prolongs suffering." *Goodloe v. Sood*, 947 F.3d 1026, 1031 (7th Cir. 2020) (citations and quotations omitted). Mr. Farley may proceed against Officer Cory for ignoring the obvious signs that he needed immediate medical attention, resulting in a delay in obtaining medical care. Because this new defendant will restart the case, the pending motions to proceed by affidavit and for scheduling order (ECF 47), for summary judgment on the issue of exhaustion (ECF 48), and in opposition to summary judgment (ECF 56) will be denied as moot.

For these reasons, the court:

(1) DENIES the motions (ECF 47, ECF 48, ECF 56) as MOOT;

(2) GRANTS Larry Farley leave to proceed against Ryan Cory in his individual capacity for compensatory and punitive damages for being deliberately indifferent to Mr. Farley's need for immediate medical attention after he was attacked on or around August 29, 2022, in violation of the Eighth Amendment;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Ryan Cory at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 67);

(5) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Ryan Cory to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

May 15, 2024                                          *s/ Damon R. Leichty*
                                                     Judge, United States District Court