UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

LARRY FARLEY,

    Plaintiff,

    v.       CAUSE NO. 3:22-CV-1010 DRL-AZ

RYAN CORY,

    Defendant.

## OPINION AND ORDER

Larry Farley, a prisoner without a lawyer, is proceeding in this case against Correctional Officer Ryan Corey "in his individual capacity for compensatory and punitive damages for being deliberately indifferent to Mr. Farley's need for immediate medical attention after he was attacked on or around August 29, 2022, in violation of the Eighth Amendment[.]" ECF 68 at 3. Specifically, Mr. Farley alleged in his complaint that Officer Corey failed to provide him immediate medical attention after he was attacked by other inmates on August 29, 2022, and that he eventually passed out while waiting in his cell for medical care and had to be hospitalized for four days. *Id.* at 2. Officer Corey filed a summary judgment motion, arguing Mr. Farley didn't exhaust his available administrative remedies before filing this lawsuit. ECF 79. Mr. Farley filed a response, and Officer Corey filed a reply. ECF 89, 90. Mr. Farley then filed a sur-response, which Officer Corey has moved to strike. ECF 96, 98. Mr. Farley, in turn, moves to strike Officer

Corey's motion to strike. ECF 99.[1] Mr. Farley has also filed a motion asking the court to look at newly discovered evidence. ECF 97. This motion will be granted, and this evidence will be considered. Officer Corey's summary judgment motion is now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice." *Trade Fin. Partners, LLC v. AAR Corp.*, 573 F.3d 401, 407 (7th Cir. 2009).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42

---

[1] Northern District of Indiana Local Rule 56-1(b) provides an opportunity for only a single response. Nevertheless, the court has reviewed the contents of Mr. Farley's sur-response, and concludes the arguments raised in the sur-response do not change the outcome of this case. Therefore, the motions to strike (ECF 98, ECF 99) will be denied.

U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

The law takes a "strict compliance approach to exhaustion." *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019). To exhaust remedies, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id.* However, inmates are only required to exhaust administrative remedies that are "available." *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). The availability of a remedy is not a matter of what appears "on paper," but rather whether the process was in actuality available for the prisoner to pursue. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Thus, when prison staff hinder an inmate's ability to use the administrative process, administrative remedies are not considered "available." *Id.* In essence, "[p]rison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

Officer Corey argues summary judgment is warranted in his favor because Mr. Farley never submitted or exhausted any grievance related to his claim that Officer Corey denied him medical attention on August 29, 2022. Officer Corey provides an affidavit

3

from the Grievance Specialist and Mr. Farley's grievance records, which present certain facts. Based on the requirements of the Offender Grievance Process, Mr. Farley had until approximately September 12, 2022, to file a grievance regarding the August 29 incident. ECF 79-1 at 6; ECF 79-2 at 9 ("An offender wishing to submit a grievance shall submit a completed State Form 45471, 'Offender Grievance,' no later than ten (10) business days from the date of the incident giving rise to the complaint or concern to the Offender Grievance Specialist."). Mr. Farley filed only one grievance during this time period, and this grievance did not complain that Officer Corey denied him medical attention on August 29. ECF 79-1 at 6. Specifically, on September 12, 2022, Mr. Farley filed Grievance 144986, complaining he'd received inadequate care from medical staff since returning from the hospital. ECF 79-1 at 6; ECF 79-4. Grievance 144986 complained only that medical staff denied him adequate care *after* his four-day hospitalization, and did not allege that any correctional officer was deliberately indifferent to his need for immediate medical attention when he was attacked on August 29. *Id.* On September 23, 2022, the Grievance Specialist issued a response denying Grievance 144986 on its merits, concluding Mr. Farley had been released from the infirmary on September 6, had not voiced any problems since leaving, and could submit a healthcare request form if he needed to be seen by medical staff. ECF 79-1 at 6; ECF 79-6 at 34. Mr. Farley submitted a Level I appeal to the warden, which the warden denied. ECF 79-6 at 33. Mr. Farley never

4

submitted a Level II appeal to the Department Grievance Manager, which was a necessary step to exhaust the grievance. *Id.*; ECF 79-3 at 2.[2]

Officer Corey argues Mr. Farley didn't exhaust his available administrative remedies for two reasons. First, Officer Corey argues Mr. Farley cannot rely on Grievance 144986 to exhaust his remedies in this case because the grievance complained only about the conduct of medical staff and did not complain that Officer Corey had denied Mr. Farley medical care on August 29. Mr. Farley does not respond to this argument in his summary judgment response.

The PLRA's exhaustion requirement is designed to provide the prison with notice of the problem and an opportunity to fix it. *Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011); *see also Schillinger v. Kiley*, 954 F.3d 990, 995-96 (7th Cir. 2020) (holding that a prisoner satisfies the exhaustion requirement by giving prison officials "notice of, and an opportunity to correct, a problem"). An inmate's grievance is sufficient to exhaust a claim only if it raises the same claim as the lawsuit and provides enough information to indicate the defendant is the target. *King v. Dart*, 63 F.4th 602, 608 (7th Cir. 2023); *see also Bowers v.*

---

[2] Mr. Farley's grievance records also show he submitted a new grievance related to his claim in this lawsuit on November 28, 2022, which was rejected by the grievance office on December 6, 2022. ECF 79-6 at 31-32. Mr. Farley cites to this grievance in his sur-response (ECF 96 at 2; ECF 96-1 at 6), but he doesn't argue it was improperly rejected. Regardless, this grievance is not relevant here because Mr. Farley filed this lawsuit on December 1, 2022, before he received the grievance office's response to this grievance. *See* ECF 1-4; *Perez*, 182 F.3d at 535 (a prisoner must exhaust his administrative remedies *before* filing his lawsuit, and cannot exhaust his remedies while his lawsuit is pending); *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004) (a prisoner cannot file a lawsuit first and exhaust his administrative remedies later); *Mayberry v. Hall*, No. 3:22-cv-45-DRL-MGG, 2023 WL 5320037, at *2 (N.D. Ind. Aug. 17, 2023) (summary judgment granted for defendants because plaintiff "was still in the process of exhausting his administrative remedies when he filed" his lawsuit, as he filed his lawsuit "before he received the grievance office's response"), aff'd, No. 23-3293, 2024 WL 1814052 (7th Cir. Apr. 26, 2024).

*Dart*, 1 F.4th 513, 517 (7th Cir. 2021) (An inmate cannot rely on a grievance to exhaust a claim if there is a "disconnect between the grievance and complaint").

Here, because there's a "disconnect" between Mr. Farley's complaint in Grievance 144986 and his claim against Officer Corey in this lawsuit, Mr. Farley cannot rely on Grievance 144986 to exhaust his claim against Officer Corey. *See Bowers*, 1 F.4th at 517. Specifically, Grievance 144986 complained only that Mr. Farley was denied adequate medical care by the prison's medical staff *after* he returned from his four-day hospitalization, and did not allege or put the prison on notice as to his claim that Officer Corey was deliberately indifferent to his need for immediate medical care on August 29. *See* ECF 79-4. Thus, because it's undisputed Officer Corey was not the "target" of Grievance 144986, Mr. Farley cannot rely on Grievance 144986 to show he exhausted his claim against Officer Corey in this lawsuit. *See King*, 63 F.4th at 608; *Bowers*, 1 F.4th at 517; *Phelps v. Neal*, No. 1:19-CV-643, 2020 WL 4284798, 1-2 (N.D. Ind. July 27, 2020) (concluding an inmate's grievance complaining about a mouse infestation in his cell and requesting medical treatment did not put the prison on notice to his claim a nurse denied him treatment for a mouse bite); *Roahrig v. Novak*, No. 3:21-CV-270, 2023 WL 346216, 3 (N.D. Ind. January 19, 2023) (concluding an inmate's three grievances complaining of an attack by another inmate did not put the prison on notice that a correctional officer had failed to protect her from the attack).

Additionally, even assuming Grievance 144986 *was* sufficiently related to Mr. Farley's claim against Officer Corey to exhaust the claim, it's nevertheless undisputed that Mr. Farley did not fully exhaust Grievance 144986. Specifically, Officer Corey argues

the undisputed facts show Mr. Farley did not submit a Level II appeal to the Department Offender Grievance Manager after the warden denied his Level I appeal, which was a necessary step to exhaust Grievance 144986. ECF 80 at 6-7. In his response, Mr. Farley suggests he continued attempting to exhaust his administrative remedies after his Level I appeal was denied, stating: "The court can clearly see the denied grievance appeal, and why would I stop there. I may be disabled, but I wouldn't start then stop. I even filed to the Risk Management Commission, also known as Noble Consulting Services, Inc." ECF 89 at 1. But the defendants have provided undisputed evidence the grievance office never received any Level II appeal from Mr. Farley. *See* ECF 79-3 at 2; ECF 79-6 at 33. The Offender Grievance Process provides that, in order to submit a Level II appeal to the Department Offender Grievance Manager, Mr. Farley needed to "check the 'Disagree' box, sign, and submit the completed State Form 45473, 'Offender Grievance Appeal,' and any additional, pertinent documentation to the Offender Grievance Specialist within five (5) business days of the Warden's/designee's appeal response." ECF 79-2 at 13. Mr. Farley provides no evidence he did so, and his vague assertions that he "wouldn't start then stop" exhausting his grievance and that he filed something with the "Risk Management Commission" is insufficient to raise a genuine dispute as to whether he submitted a Level II appeal to the Department Offender Grievance Manager. *See Gabrielle M. v. Park Forest-Chicago Heights, IL. Sch. Dist. 163*, 315 F.3d 817, 822 (7th Cir. 2003) ("It is well established that in order to withstand summary judgment, the non-movant must allege specific facts creating a genuine issue for trial and may not rely on vague,

7

conclusory allegations"); *Dale v. Lappin*, 376 F.3d 652, 655–56 (7th Cir. 2004) (noting that "bald assertions" are not sufficient to create a genuine issue of fact on exhaustion issue).

Last, Mr. Farley argues in his motion asking the court to look at newly discovered evidence that he labeled Grievance 144986 as an "emergency grievance," and the grievance office made his administrative remedies unavailable by failing to follow the timelines specific to emergency grievances. ECF 97. However, it's undisputed Mr. Farley received responses from the grievance office to Grievance 144986 and his Level I appeal, and he doesn't explain how the grievance office's failure to follow the proper timelines in submitting these responses prevented him from submitting a Level II appeal. Regardless, as discussed above, Grievance 144986 does not exhaust Mr. Farley's claim against Officer Corey, so any deficiencies in the grievance office's handling of this grievance are not material.

Accordingly, the undisputed evidence shows that (1) Mr. Farley cannot rely on Grievance 144986 to show he exhausted his claim against Officer Corey in this lawsuit and, regardless, (2) Mr. Farley did not fully exhaust Grievance 144986. Mr. Farley doesn't argue or provide any evidence he submitted any other relevant grievances or his administrative remedies were in any way unavailable. Thus, Officer Corey has met his burden to show Mr. Farley did not exhaust his available administrative remedies before filing this lawsuit. Summary judgment is thus warranted in favor of Officer Corey.

For these reasons, the court:

(1) GRANTS Mr. Farley's motion for the court to look at newly discovered evidence in the record (ECF 97);

(2) DENIES both motions to strike (ECF 98, ECF 99);

(3) GRANTS Officer Corey's motion for summary judgment (ECF 79); and

(4) DIRECTS the clerk to enter judgment in favor of Officer Corey and against Larry Farley and to close this case.

SO ORDERED.

August 15, 2025                    *s/ Damon R. Leichty*
                                   Judge, United States District Court